1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAM TRAN,

                    Plaintiff,

    v.

CLARK COUNTY COURT,

                 Defendants.

Case No.3:23-cv-05278-BHS

REPORT AND
RECOMMENDATION

NOTED FOR MAY 5, 2023

11
12
13
14
15
16
17
18
19

      The District Court has referred Plaintiff Tam Tran's pending *Application to Proceed In Forma Pauperis* ("IFP") and proposed complaint to the undersigned. On April 4, 2023, Tran filed a proposed civil complaint and an application to proceed in forma pauperis ("IFP"), that is, without paying the filing fee for a civil case. See Dkts. 1; 1-2. In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Tran has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

20

<u>DISCUSSION</u>

21
22
23

      The Court has carefully reviewed the proposed complaint in this matter. Because Tran filed this complaint pro se, the Court has construed the pleadings liberally and has afforded Tran the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't,*

24
25

839 F.2d 621, 623 (9th Cir.1988). In his proposed complaint, Tran names the Clark County Court as the sole defendant. Dkt. 1-2. He alleges that the Clark County Court violated his rights under the Civil Rights Act and discriminated against him on the basis of his race, color and national origin. *Id.*

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.");

*see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Tran's claims against Clark County Court must be dismissed. "A 'state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute.'" *Brink v. Herron*, 2020 WL 5240245, at *4 (D. Ariz. Aug. 7, 2020) (quoting *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997)). Clark County Court is not a "person" under § 1983 and is, therefore, an improper defendant in this action. This case has no arguable basis in law or fact. Therefore, the proposed complaint should be dismissed as frivolous and for failure to state a claim. *See Williams v. Thurston Cnty.*, 2014 WL 4355569, at *3 (W.D. Wash. Sept. 3, 2014) (finding the plaintiff's attempt to sue the state county court was frivolous because a county court cannot be sued in a civil rights action).

A. <u>Leave to Amend</u>

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, any attempt by Tran to amend the proposed complaint would be futile. As such, the Court finds Tran should not be afforded leave to amend his proposed complaint.

B. <u>IFP on Appeal</u>

1    In the event that Tran appeals any order entered in this case and/or appeals

2    dismissal of this case, IFP status should be denied by this Court, without prejudice to

3    Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

4                                    CONCLUSION

5    For the above stated reasons, the undersigned recommends Tran's Application

6    to Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice as frivolous

7    and for failure to state a claim, and any IFP status on appeal be denied without

8    prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to

9    proceed IFP.

10    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

11    have fourteen (14) days from service of this report to file written objections. See also

12    Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

13    purposes of de novo review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and can

14    result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

15    U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

16    omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

17    directed to set the matter for consideration on May 5, 2023, as noted in the caption.

18

19    Dated this 19th day of April, 2023.

20

21    Theresa L. Fricke
      United States Magistrate Judge

22

23

24

25